UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      'O'

| Case No. | 2:14-cv-04988-CAS(AJWx) | Date | April 21, 2015 |
|---|---|---|---|
| Title | GLENN WEST v. CITY OF THOUSAND OAKS | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**      **(In Chambers)** DEFENDANT'S MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWER (Dkt. No. 17, filed April 3, 2015)

    The Court finds this motion appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. Local Rule 7-15. Accordingly, the hearing date of May 4, 2015, is vacated, and the matter is hereby taken under submission.

    On April 3, 2015, defendant filed a motion for leave to file an amended answer adding the affirmative defense of unclean hands. Dkt. No. 17. That request is timely under the Court's current scheduling order. See Dkt. No. 16. On April 6, 2015, the Court set this motion for hearing on May 4, 2015. Pursuant to this Court's Local Rules, any opposition to a civil motion must be served upon all other parties and filed no later than twenty-one days before the date designated for the hearing of the motion. C.D. Cal. L.R. 7-9. As of this date, plaintiff has not opposed the instant motion. The Court has discretion to grant the motion for leave to file an amended answer on this basis alone. See C.D. Cal. L.R. 7-11 ("The failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion.").

    Moreover, district courts should "freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2); see Foman v. Davis, 371 U.S. 178, 182 (1962) ("Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded."); United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981) (leave to amend should be granted with "extreme liberality" to facilitate decisions on the merits). Accordingly, "the burden of persuading the court that leave should not be granted rests with the nonmoving party." Nissan Motor Co., Ltd. v. Nissan Computer Corp., 204 F.R.D. 460, 463 (C.D. Cal. 2001) (quoting DCD Programs, Ltd. v. Leighton,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:14-cv-04988-CAS(AJWx) | Date | April 21, 2015 |
| Title | GLENN WEST v. CITY OF THOUSAND OAKS | | |

833 F.2d 183, 186 (9th Cir. 1987)).  Having reviewed the record and defendant's motion, and in the absence of contrary argument from plaintiff, the Court finds that the proposed amendment is timely made in good faith, will not cause undue prejudice or delay, and should be granted.

For these reasons, the Court **GRANTS** defendant's motion for leave to file the proposed amended answer.  Defendant's proposed answer, attached as Exhibit A to the instant motion (Dkt. No. 17), shall be filed forthwith.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |